IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RENEE SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-04-863-C |
| | ) | |
| CITY OF MINCO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendants' Motion to Strike (Dkt. No. 80).  Defendants object

to the new evidentiary material attached to Plaintiff's surreply and argue that the Court must

either strike the material or permit them to respond with objections.  Defendants' argument

is without merit.  Thus, the motion is denied.

Defendants rely primarily on <u>Beaird v. Seagate Tech., Inc.</u>, 145 F.3d 1159 (10th Cir.

1998).  In <u>Beaird</u>, the *non-moving* party objected to the Court's consideration of materials

attached to the movant's reply brief.  <u>Id.</u> at 1163.  The circuit court acknowledged the trial

court's wide discretion "to regulate practice 'in any manner consistent with federal law, rules

adopted under 28 U.S.C. §§ 2072 and 2075, and local rules of the district.'"  <u>Id.</u> at 1164

(quoting Fed. R. Civ. P. 83(b)).  The circuit court held that "when a *moving party* advances

in a reply new reasons and evidence in support of its motion for summary judgment, the

nonmoving party should be granted an opportunity to respond," <u>id.</u> (emphasis added),

reasoning that the Court cannot impose summary judgment against the non-movant without affording it notice and a reasonable opportunity to respond. Id.; Fed. R. Civ. P. 56(c).

The Rules of Civil Procedures do not impose a similar notice requirement on the moving party, for obvious reasons. Once the moving party has met his initial burden of demonstrating the absence of a genuine issue of fact, the *non-movant* must "set forth specific facts showing there is a genuine issue for trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002). If the non-movant does not set forth such facts, "summary judgment, if appropriate, shall be entered." Fed. R. Civ. P. 56(e). Thus, if the Court relies on new material attached to a reply (filed by the movant) and enters a judgment without affording the non-movant an opportunity to respond, the non-movant is obviously seriously prejudiced. The movant simply does not face the same risk of prejudice if the Court relies on new material attached to a surreply.

The Court notes that Plaintiff's counsel has now sought leave to file a surreply to Defendants' motion to strike. The degeneration of civility and professionalism between counsel in this case is alarming. Each new request for leave suggests some new wrong-doing on the part of the opposing party's counsel – accusations irrelevant to the issues presented. These constant attacks have clearly diverted the parties and threaten to divert the Court from its task in this case – resolving the motion on summary judgment prior to the June docket – a task exacerbated by the especially poor briefing. Counsel have succeeded at taking a relatively straight-forward employment discrimination case with well-established legal principles and use over one-hundred pages of briefing to turn it into a landfill of legal

verbiage through which the Court must now sort.  So, to stave off another round of attacks, the Court denies Plaintiff's motion for leave and reassures both parties that it has all the necessary information from which to decide Defendants' Motion for Summary Judgment.

Accordingly, Defendants' Motion to Strike (Dkt. No. 80) is DENIED.  Plaintiff's motion for leave to file a surreply (Dkt. No. 92) is DENIED.

IT IS SO ORDERED this 23rd day of May, 2005.

ROBIN J. CAUTHRON
United States District Judge